IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN A. TATE, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-19-3217 |
| WARDEN CASEY CAMPBELL and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

# MEMORANDUM

Respondents filed a Limited Answer to Brian A. Tate's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking dismissal of the Petition as time-barred, or if not time-barred, they argue the Petition contains claims that are procedurally defaulted and others that are unexhausted for which there remains an available state remedy for him to litigate those claims. Respondents assert that if the Petition is deemed timely, Tate should be given the opportunity to withdraw his unexhausted claims and proceed only with those that have been exhausted before the State courts or to seek a stay under *Rhines v. Weber,* 544 U.S. 269 (2005). The Court will grant Tate sixty (60) days to file a Reply.

    **1.    Procedural History**

Tate pleaded guilty on November 2, 1992, in the Circuit Court for Anne Arundel County, Maryland to first-degree murder. On January 18, 1993, Tate was sentenced to life imprisonment with the possibility of parole. *State v. Brian Arthur Tate,* No. 02-K-92-000862. Tate did not file an application for leave to appeal at that time. Tate was sixteen years old at the time of the crime. He was seventeen when he pleaded guilty and was sentenced.

In April 1993, Tate filed a Motion for Reconsideration and Modification of Sentence. After a hearing in October 1993, the Motion was denied. (SR 17, 73). [1]

In July 1999, Tate filed a motion to correct an illegal sentence. (SR 17, 74–86). The circuit court denied the motion. (SR 17, 87). Tate filed a motion for reconsideration of the denial of his motion to correct an illegal sentence, which the circuit court denied in August 1999. (SR 17, 88–90).

In September 2005, Tate filed a petition for post-conviction relief, asserting that his guilty plea was invalid because it was not knowing and voluntary and raising multiple claims of ineffective assistance of counsel. (SR 91–143). In July 2006, the case was transferred to the Circuit Court for Howard County for post-conviction proceedings. (SR 51).

Following a post-conviction hearing on November 20 and 21, 2006, the circuit court granted Tate authorization to file a belated application for leave to appeal from his guilty plea and sentencing, as a remedy for ineffective assistance of counsel in failing to have done so. (SR 50, 144–66). All other post-conviction claims were stayed pending the application for leave to appeal.

Tate filed a belated application for leave to appeal (SR 49, 167-83), which the Court of Special Appeals of Maryland summarily denied on May 14, 2009. *Brian A. Tate v. State*, ALA Docket No. 160, Sept. Term 2007.

Following the denial of Tate's belated application for leave to appeal, the circuit court lifted the stay on post-conviction proceedings, and the parties filed supplemental briefing. (SR 47–48, 184–251). On May 26, 2010, the circuit court granted Tate authorization to file a belated motion for sentence review by a three-judge panel as a remedy for ineffective assistance of counsel for having failed to do so, and denied all other claims. (SR 355–57).

---

[1] The abbreviation SR refers to the Respondents exhibit titled "State Record" which contains the trial court docket entries in the state court case and other filings in the trial, appellate, and state post-conviction proceedings.

2

On June 22, 2010, Tate filed a belated motion for three judge panel sentence review and an application for leave to appeal the denial of his other claims for post-conviction relief. (SR 42, 358–404).  A three-judge panel of the circuit court ruled on November 8, 2010, that Tate's sentence remain unchanged. (SR 39–42, 405–16). On December 6, 2010, Tate filed an application for leave to appeal from that ruling as well.

While both applications for leave to appeal were pending in the Court of Special Appeals of Maryland, on September 13, 2011, Tate filed a Motion to Reopen  post-conviction proceedings in the circuit court, presenting two grounds for relief: (1) his guilty plea was not knowing and voluntary on the basis of a then recently issued decision of the Court of Appeals, *State v. Daughtry*, 419 Md. 35 (2011). (SR 450–53); (2) Tate's trial counsel had rendered ineffective assistance by failing to realize that the prosecution had not provided proper notice of its intent to seek a sentence of life without parole. (SR 453–59).

 On September 30, 2014, the circuit court reopened post-conviction proceedings, vacated Tate's guilty plea, remanded the case back to the Circuit Court for Anne Arundel County for a new trial, and denied relief as to the claim of ineffective assistance regarding notice of intent to seek a life-without-parole sentence.  (SR 30, 503–87, 587–93).

On October 24, 2014, the State filed an application for leave to appeal the grant of post-conviction relief in the Circuit Court for Anne Arundel County. (SR 10, 594–611). Tate opposed the application and moved for dismissal. (SR 612–31).

On January 29, 2016, the Court of Special Appeals of Maryland granted leave to appeal. (SR 632).  On August 15, 2017, (SR 633–91), the Court of Special Appeals denied Tate's Motion to Dismiss and reversed the circuit court's grant of post-conviction relief. (SR 692–710).

3

Tate filed and was granted a Petition for a Writ of Certiorari by the Court of Appeals. (SR 711–29). On June 25, 2018, the Court of Appeals affirmed the Court of Special Appeals' decision, holding that Tate's guilty plea was knowing and voluntary. *Tate v. State*, 459 Md. 587 (2018). Tate filed a motion for reconsideration on July 24, 2018, which the Court of Appeals denied and issued its mandate on July 30, 2018. (SR 852–73).

On September 21, 2018, Tate filed a Petition for a Writ of Certiorari in the Supreme Court of the United States, which was denied on November 5, 2018. *Tate v. Maryland*, 139 S. Ct. 465 (2018). Tate's petition for rehearing filed November 27, 2018 (SR 54), was denied on February 19, 2019. *Tate v. Maryland,* 139 S. Ct. 1245 (2019).

On March 10, 2019, Tate filed a Petition for a Writ of Habeas Corpus in the Circuit Court for Howard County. *Brian A. Tate v. Governor Larry Hogan, et al.*, No. C-13-CV-19-000237. (SR 59, 874–913). The circuit court denied the habeas petition on March 2, 2020.[2]

On October 31, 2019, Tate filed this petition for federal habeas relief. (ECF No. 1-3 at 29). In the Petition, Tate claims that his guilty plea was defective, his counsel was ineffective, prosecutorial misconduct, the state appellate courts violated his right to due process, and his sentence of life with the possibility of parole, imposed while he was a juvenile, violates his Eighth Amendment rights under *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana,* 136 S. Ct. 718 (2016).

### 2. Statute of Limitations

Under the provisions of 28 U.S.C. § 2244, the one-year limitation period runs from the latest of:

---

[2] Respondents assert that based on administrative orders entered by the Chief Judge of the Court of Appeals of Maryland in response to the COVID-19 pandemic, as of the date the Limited Answer was filed, Tate's time to appeal the denial of the habeas petition had not expired.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns

the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F.3d at 708.

Tate's belated application for leave to appeal was summarily denied by the Court of Special Appeals on May 14, 2009, he did not file a petition for a writ of certiorari in the Supreme Court, and the time for him to do so expired 90 days later on Wednesday, August 12, 2009. *See* Sup. Ct. Rule 13.1. His challenged conviction became final on that date and the one-year limitations period under § 2244(d)(1)(A)[3] started running.

Tate had state post-conviction proceedings pending when the limitations period started to run which tolled it immediately. Specifically, the Circuit Court had stayed Tate's post-conviction claims while he pursued his belated application for leave to appeal, and then lifted the stay and conducted further post-conviction proceedings after the application for leave to appeal was denied. *See supra* p. 2. These post-conviction proceedings statutorily tolled the limitations period until June 28, 2013, when the Court of Special Appeals denied Tate's Application for Leave to Appeal the denial of post-conviction relief and issued its mandate. Since Tate had filed his September 13, 2011 motion to reopen post-conviction proceedings (SR 432–60), the limitations period remained tolled through the grant of his motion to reopen and the state appeal of that determination. *See supra* pp. 3-4. Consequently, the limitations period remained tolled until July 30, 2018, when the Court of Appeals denied Tate's pro se motion for reconsideration and issued its mandate. (SR 871–73).

Tate argues his federal petition is timely filed because the one-year limitations period did not start running until the Supreme Court denied his petition for a writ of certiorari (on November 5, 2018) and his Motion for a Rehearing was denied February 19, 2019. (ECF No. 1-3 at 25). *See*

---

[3] Respondents assert that none of other possible dates set forth at 28 U.S.C. § 2244(d)(1)(B), (C), and (D) changes the calculus to render the Petition timely. (ECF No. 12 at 41-45).

*supra* p. 5.  A Petition for a Writ of Certiorari in the Supreme Court, however, does not toll the running of the limitations period under § 2244(d)(2). *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[The Supreme] Court is not a part of a 'State's postconviction procedures'").

Respondents acknowledge that a state habeas petition is an application for state collateral review, but argue that statutory tolling requires the state collateral review application be pending "with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).  Respondents contend, however, that Tate's state habeas petition did not challenge his judgment of conviction or sentence, or present any of the claims raised in his federal petition, and is not an application for state collateral review that serves to toll the limitations period in this case. (ECF No. 12 at 36-39). Respondents note Tate's claim in his state habeas petition and one of his claims in his federal petition are both based on *Miller* and *Montgomery* (SR 879–80, 896), but maintain the claims are "nonetheless distinct." (ECF No. 12 at 36). More particularly, they contend the state habeas petition essentially was a challenge to a decision of the Maryland Parole Commission to defer consideration of Tate's parole, not a challenge to the validity of his underlying life sentence. (SR 879–80, 896).  The state habeas petition, they argue, challenges how the duties of the Parole Commission and others involved in the system carry out their duties.  Under this analysis, Respondents assert the limitations period expired on July 30, 2019, Tate did not file his federal petition until three months later (October 31, 2019), and the Petition is time-barred.  ECF No. 12-38.

### 3.     Exhaustion

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court.  This exhaustion requirement is satisfied by seeking review of

the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Ann. Code, Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Ann. Code, Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

A petition containing claims which have not been exhausted in the state courts must be dismissed without prejudice to afford the petitioner the opportunity to pursue available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *see also Ali v. State of Florida*, 777 F.2d 1489 (11th Cir. 1985). This Court has reviewed the documents submitted and finds that there is no clear indication that Tate has exhausted available state court remedies as to the claim of an Eighth Amendment violation based on the holdings in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana,* 136 S. Ct. 718 (2016). (ECF 1-3 at 10–26).

Tate is advised that should he waive consideration of an unexhausted claim and request this Court proceed with the exhausted claims, he may be barred from bringing a second petition asserting the unexhausted claim, even if he returned to state court to exhaust that claim, as he may only file a second federal habeas corpus petition if he has moved the appropriate federal circuit court for an order authorizing this Court to consider the application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

A petitioner able to demonstrate good cause for failing to exhaust a claim may return to state court to present the unexhausted claim while the federal habeas petition remains stayed under

the holding announced in *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay is available only in limited circumstances, and is appropriate only for good cause, where the unexhausted claims are potentially meritorious and no dilatory tactics are shown. *Id.*

### 4. Procedural Default

Respondents also assert that Tate has raised procedurally defaulted claims, not subject to substantive federal habeas corpus review.

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, and (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.*, the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard,* 134 F.3d at 620. Cause consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488).

Tate may file a Response to the arguments raised by Respondents and explain why his claims are not procedurally barred. It is unnecessary to repeat facts and arguments already presented in the original petition. Instead, the response should focus on explaining why a particular claim has not been defaulted or, if it has been, what "cause" excuses the default and what prejudice

would result if the claim is barred. Tate may also attempt to explain why the failure to consider the claim on the merits would result in the continued confinement of one who is actually innocent. Sworn affidavits and additional documents, if they support the argument raised, may be submitted with the response.

### 5. Conclusion

In light of the foregoing, Tate is granted sixty (60) days from the date of this Order to file a Response in which he may present his reasons, if any, why: (1) the Petition is timely filed and or principles of equitable tolling apply; (2) his *Miller* and *Montgomery* claim is exhausted, and if unexhausted whether he wants to waive consideration of the unexhausted claim, recognizing that he may not later bring a now unexhausted claim without permission from the Fourth Circuit Court of Appeals; and (3) the Court should issue a stay and abeyance pursuant to *Rhines*, should the Petition be deemed timely filed and the *Miller* and *Montgomery* claim is unexhausted. If Tate does not file a Response or contact the Court within the time allotted, the Court will proceed to consider the Petition and the Limited Answer.

July 7, 2020  
Date

/S/  
Paul W. Grimm  
United States District Judge